DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CASE NO.  5:06 CR 110 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | ANALYZING THE SENTENCING |
| William R. Alley, Jr., | ) | FACTORS SET FORTH IN 18: U.S.C. |
| | ) | §3553(a) |
| Defendant. | ) | |
| | ) | |

<u>Introduction</u>

Prior to considering the sentencing factors under 18 U.S.C. §3553(a), the Court

determined that the offense level for the defendant is 22 and with a criminal history category III

leading to an advisory sentencing range of 51 to 63 months.

The Court sets forth its analysis of the sentencing factors required by *Booker* and the

statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a)  Factors to be considered in imposing a sentence.**

The Court shall impose a sentence sufficient, but not greater than necessary, to comply

with the purposes set forth in paragraph (2) of this subsection.  The Court, in determining the

particular sentence to be imposed, shall consider -

**(1)  The Nature and Circumstances of the Offense and the History and
Characteristics of the Defendant**

The defendant, in the company of another man, Richard W. Early, on January 27, 2006,

entered the Chase Bank and told the teller from whom they received $11,864 in currency that

"you are being robbed, put the money in the bag, don't force us to pull the gun".  On February 6,

(5:06 CR 110)

2006, the defendant confessed to his participation in the robbery, but stated that neither he nor Early was armed.  The two split the proceeds.  The two defendants wore wigs, beards and sunglasses in robbing the bank.  The defendant contends that the idea of robbing the bank originated with Early who remains at large.  The defendant maintains that he used his share of the robbery to get high on drugs.

The defendant, once he became aware of the law enforcement interest in his involvement in the bank robbery, turned himself in to the Canton Police Department on February 4, 2006.  Once federal jurisdiction was asserted, the defendant waived his preliminary and detention hearings and plead guilty to the indictment on April 24, 2006.

The defendant is 22 and a high school graduate.  He has never married and denies fathering any children.  His parents divorced when he was ten.  His father went to prison for bank robbery.  He was raised by his mother who was killed in a motorcycle accident in 2004.  The defendant was also on the motorcycle at the time of the accident.  The defendant was living with his stepfather at the time of his arrest.  The defendant suffers from being raised in a dysfunctional family setting.  The death of his mother has probably contributed to his continuation with the use of drugs as subsequently outlined.

The defendant has a spotty employment record.  There is no indication that he was employed at the time of the bank robbery.

The defendant is a serious abuser of drugs as indicated in paragraph 63 of the pre-sentence report which states as follows:

The defendant has an extensive substance abuse history that includes marijuana, cocaine, crack cocaine, heroin, OxyCotin, acid, methamphetamine,

2

(5:06 CR 110)

mushrooms, morphine, Valium, Ecstacy and Zanax.  He indicates that his drug
use began at the age of 11 and continued into adulthood.

Although only 22, the defendant's criminal record suggests that he may become a

recidivist throughout his adult life, absent a commitment to change his lifestyle.  See paragraphs

37 through 44 of the Presentence Report.  The convictions include carrying a concealed weapon,

a drug offense and domestic violence.

**(2)  The Need for the Sentence Imposed**

> **(A) to reflect the seriousness of the offense, to promote respect
> for the law, and to provide just punishment for the offense;**

Bank robbery, using a note accompanied with a threat of violence, is an all too common

offense.  It is an easy offense to carry out, but intimidating to the teller victims.  A substantial

sentence is necessary to promote respect for the law and to provide just punishment.  A sentence

within the advisory guideline range will accomplish both objectives as the range is 51 to 63

months.

> **(B)  to afford adequate deterrence to criminal conduct;**

A sentence of 54 months will afford adequate deterrence.

> **(C)  to protect the public from further crimes of the defendant;**

The defendant, unless he changes his style of life with meaningful employment and

develops a supportive relationship with others, is likely to continue a life of crime.  The Court is

of the view that a sentence of 54 months may provide protection to the public from further

crimes of the defendant.

3

(5:06 CR 110)

> **(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

The defendant needs to develop job skills to provide employment upon release from prison.  Additional education may also assist.  Most importantly, the defendant is in need of effective drug treatment.  A sentence of 54 months should provide the defendant with the opportunities.

### CONCLUSION

The defendant is 22 years of age with a serious criminal record.  His life has been dysfunctional given his parents's divorce when he was ten, the subsequent death of his mother and his long addiction to drugs.  A sentence of 54 months, within the advisory guideline range, is a sentence sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2)

IT IS SO ORDERED.


 September 1, 2006                              /s/ David D. Dowd, Jr.
Date                                     David D. Dowd, Jr.
                                         U.S. District Judge

4